[Cite as *State v. Malcolm*, 2022-Ohio-2785.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CAETLYNDE MALCOLM | : | Case No. 2021 CA 101 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 21 CR 00098



JUDGMENT:        Affirmed



DATE OF JUDGMENT:        August 10, 2022



APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

CLIFFORD J. MURPHY                      MICHAEL R. DALSANTO
20 North Second Street                    P.O. Box 98
4th Floor                                         Newark, OH  43058
Newark, OH  43055

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant Caetlynde Malcolm appeals the November 9, 2021 convictions in the Court of Common Pleas Licking County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On October 7, 2020, plain-clothed Heath Police Department Detective Bradley Fisher noticed a vehicle parked at a Super 8 Motel which he believed had been involved in a high-speed chase the day before. Fisher took steps to confirm the car was in fact involved in the chase, after which he observed appellant and another woman open the trunk of the vehicle and walk away with bookbags and tote bags in their hands.

{¶ 3}   Fisher approached the women on foot with his badge hanging around his neck. He identified himself and asked the women if they would be willing to speak with him. They agreed to do so. Neither woman had identification with them, but provided Fisher with their names and dates of birth. Upon checking appellant's information, Fisher discovered she had an active warrant for her arrest from the Newark Police Department. Appellant additionally volunteered that she was on pretrial supervision through Licking County Adult Court Services (ACS) and believed she had a warrant from that agency as well.

{¶ 4}   Fisher contacted adult court services and confirmed that appellant had a pending warrant for pre-trial supervision violations. Licking County Adult Probation Officers Wes Luce and Brandy Nelson arrived within 10 minutes to take custody of appellant. Luce noticed two bags on the ground near appellant. He asked if the bags

belonged to her and appellant stated they did. Appellant had not been provided with Miranda warnings.

{¶ 5}   Before transporting appellant to the Licking County Jail, Luce searched the bags and discovered syringes and substances he suspected were illegal drugs. The probation officers then drove appellant to the Licking County Jail, but due to COVID 19 protocols, the jail staff refused to book appellant. Appellant was therefore transported to ACS.

{¶ 6}   Once at ACS, Luce performed a more thorough search of appellant's bags and discovered additional contraband. Per ACS policy, Luce contacted the Central Ohio Drug Enforcement Task Force (CODE) to handle the suspected drugs.

{¶ 7}   CODE Detective Greg Collins arrived at ACS, observed the suspected drugs and provided appellant with *Miranda* warnings. Appellant agreed to speak with Collins and made inculpatory statements regarding her possession of the bags and the contents.

{¶ 8}   Appellant was subsequently charged with one count of possession of fentanyl and one count of possession of methamphetamine. On June 11, 2021, appellant filed a motion to suppress which argued: 1.) the initial encounter between appellant and Detective Fisher as a seizure; 2.) any statements appellant made to Luce or Collins were part of a custodial interrogation without benefit of Miranda warnings; and 3.) her bag was searched without reasonable suspicion or probable cause and not properly searched incident to arrest.

{¶ 9}   A hearing was held on the matter on July 13, 2021 wherein the state elicited the above outlined testimony. On October 4, 2021, the trial court issued its decision

denying appellant's motion to suppress in its entirety. On November 9, 2021, appellant entered pleas of no contest to both counts of the indictment. The trial court accepted appellant's no contest pleas, found her guilty, convicted her, and placed her on a three-year term of community control.

{¶ 10} Appellant filed an appeal and the matter is now before this court for consideration. She raises two assignments of error as follow:

I

{¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DECLINED TO EXCLUDE INCULPATORY STATEMENTS MADE BY APPELLANT. OFFICER LUCE'S QUESTIONING CONSTITUTED A CUSTODIAL INTERROGATION PRIOR TO ISSUING *MIRANDA* WARNINGS AND DETECTIVE COLLINS' INTERROGATION CONSTITUTED A 'DELAYED MIRANDA' VIOLATION UNDER *MISSOURI V SEIBERT*. AS A RESULT, THE STATEMENTS SHOULD HAVE BEEN SUPPRESSED."

II

{¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DECLINED TO EXCLUDE THE EVIDENCE FOUND IN APPELLANT'S BACKPACK BECAUSE OFFICER LUCE'S SEARCH CANNOT BE JUSTIFIED EITHER AS AN INVENTORY SEARCH OR AS A SEARCH INCIDENT TO ARREST."

I, II

{¶ 13} We address appellant's assignments of error together. In her first assignment of error, appellant argues the conversation between her and Officer Luce in the parking lot of the Super 8 Motel regarding ownership of the bags was a custodial

interrogation conducted without first providing her with Miranda warnings. In her second assignment of error, appellant argues the trial court erred in declining to suppress the drugs discovered in her bag because Officer Luce's search cannot be justified as a search incident to arrest or an inventory search. We disagree.

Standard of Review

{¶ 14} As stated by the Supreme Court of Ohio in *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12:

"Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In ruling on a motion to suppress, "the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992). On appeal, we "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). Accepting those facts as true, we must then "independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*

{¶ 15} As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 94 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."

Custodial Interrogation

{¶ 16} Appellant first challenges the trial court's decision denying her motion to suppress her statement to Officer Luce indicating the bags near her feet while in the parking lot of the Super 8 belonged to her when Luce had not provided her with *Miranda* warnings. She further challenges the trial court's ruling as to her subsequent statements to CODE Detective Collins after Collins provided appellant with *Miranda* warnings.

*Miranda*

{¶ 17} In *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966), the United States Supreme Court held a suspect must be notified of his/her constitutional rights to remain silent and to have counsel present during a custodial interrogation by the police. Before the interrogation can begin, the suspect must make a knowing, intelligent, and voluntary waiver of those rights. If these procedural safeguards are not complied with, the confession may not be admitted at trial as evidence against the accused.

Statements to Officer Luce and Detective Collins

{¶ 18} Recently, in *State v. Verdell*, 2d Dist. Montgomery No. 27786, 2018-Ohio-4766 at ¶ 25, the Second District Court of Appeals recognized:

" 'Interrogation' must reflect 'a measure of compulsion above and beyond that inherent in custody itself.' " *State v. Haynes*, 2018-Ohio-

607, 106 N.E.3d 342, ¶ 16 (2d Dist.), quoting *Innis* at 300 [*Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)]. "[S]ince the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." (Emphasis sic.) *Innis* at 301-302. Therefore, "[p]olice officers are not responsible for unforeseeable incriminating responses." (Citation omitted.) *State v. Waggoner*, 2d Dist. Montgomery No. 21245, 2006-Ohio-844, ¶ 14.

{¶ 19} Here, appellant had been stopped by Detective Fisher and found to have an active warrant for her arrest. Luce arrived on the scene not to investigate an on-going crime, but rather with purpose to transport appellant to the Licking County Jail based on her outstanding warrant. Transcript of suppression hearing (T.), July 13, 2021, 60-61. Based on this purpose, Luce wanted to ensure appellant's belongings went with her to the jail and asked if the bags near her feet belonged to her. T. 73-74, 84-85. His question was focused on what items should travel to the jail with appellant, not what was in the bags. We find Luce's question was not an interrogation and therefore *Miranda* warnings were not required.

{¶ 20} Detective Collins met with appellant after Luce had discovered suspected drugs and drug paraphernalia in appellant's bags, and after the jail staff refused to book

her and she was transported to ACS. Collins advised appellant of her Miranda rights and appellant agreed to speak with Collins. T. 123-125.

{¶ 21} Appellant argues the *Miranda* warnings issued to her by Collins were delayed and ineffective because appellant had already given a "confession" to Luce without benefit of *Miranda* warnings. However, because we have found Luce's pre-transport question regarding ownership of the bags was not an interrogation requiring Miranda warnings, we also find the warnings given to appellant by Collins were neither delayed nor ineffective.

### Search Incident to Arrest

{¶ 22} We next address the search of appellant's bags by Luce. Searches and seizures conducted without a warrant, without probable cause, and not incident to lawful arrest, violate the Fourth Amendment to the United States Constitution, and all fruits thereof are subject to suppression. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). "The exclusionary rule has traditionally barred from trial physical, tangible materials obtained either during or as a direct result of an unlawful invasion." *Wong Sun* at 485.

{¶ 23} A search incident to arrest, however, is an exception to the general rule that warrantless searches are per se unreasonable. *State v. Mims*, 6th Dist. No. OT-05-030, 2006-Ohio-862, ¶ 23. In order for a search to be conducted pursuant to the search incident to arrest exception, the underlying arrest must be lawful. *Chimel v. California*, 395 U.S. 752, 753, 89 S.Ct. 2034 (1969). The Supreme Court of Ohio has stated that as long as the arrest is lawful "the right to search incident to arrest exists even if the item is

no longer accessible to the arrestee at the time of the search. * * * As long as the arrestee has the item within his immediate control near the time of the arrest, the item can be searched." *State v. Adams*, 144 Ohio St.3d 429. 2015-Ohio-3954, 45 N.E.3d 127, ¶ 183, citing *United States v. Romero*, 452 F.3d 610, 619 (6th Cir.2006) and *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir.2001).

Appellant's Arguments

{¶ 24} Appellant argues the search of her bags cannot be justified as an inventory search because the probation officers could not pinpoint a written department policy regarding inventory searches, and produced no inventory of appellant's bags. But ACS did not retain appellant's bags. Rather, CODE Detective Collins took possession of the bags and contents after it was discovered the bags contained drugs. T. 86-87, 152. There was therefore no reason for the probation officers to create an inventory of appellant's bags, even if the search began as an inventory search. We therefore reject appellant's argument in that vein.

{¶ 25} Appellant further argues the search cannot be justified as a search incident to arrest because when the probation officers arrived, her bags were outside her reach and under Detective Fisher's control. Appellant's brief at 17. We first note appellant provides no transcript reference to support her claim that her bags were in Detective Fisher's possession. Second, we have examined Fisher's testimony and the only reference he made to the location of appellant's bags consisted of Fisher not being able to recall if appellant was still wearing the backpack while he was talking to her or if she had set it down on the ground while they spoke. T. 49-52. He never testified that

appellant's bags were in his possession or control, nor did he testify as appellant alleges in her statement of facts, that he had appellant set her bags on the ground. Appellant's brief at 7. Per our review of the transcript, Luce was the first person to address appellant's possessions, and we find the search was incident to arrest.

{¶ 26} There is no question that appellant's arrest was lawful. She was arrested on an active warrant and does not dispute that fact. When the probation officers arrived, appellant was standing in the Super 8 parking lot where Officer Fisher had stopped her. T. 50. Probation officer Nelson patted appellant down and placed her in handcuffs. The officers testified appellant's bags were situated near her feet, "within feet if that" and "right there" within her immediate control at the time of her arrest. T. 73, 101. The officers testified that when arresting an individual, the reasons to search the person and their belongings include officer safety or to inventory that property. T. 61-62, 88, 90. In this instance, at the scene, the officers searched appellant's belongings for officer safety as they were unaware of any crime being committed. Rather, they were to transport appellant and her belongings to jail based on the warrant. Officer Luce's initial cursory inspection of appellant's bags, however, revealed suspected contraband. T. 61-62.

{¶ 27} Based on these facts, we conclude the search of appellant's bags was a permissible search incident to a lawful arrest.

{¶ 28} The first and second assignments of error are overruled.

{¶ 29} The judgment of the Licking County Court of Common Pleas is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/rw